```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                        AT NASHVILLE

CHARLES NORRIS,                )
                               )
        Plaintiff              )
                               )      No. 3:17-1150
v.                             )      Judge Trauger/Brown
                               )      Jury Demand
CORECIVIC, INC.,               )
                               )
        Defendant              )
```

**TO:    THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

Presently pending is a motion for summary judgment by the sole defendant in this case, CoreCivic. For the reasons stated below the Magistrate Judge recommends that the motion be granted and that any appeal from such a decision not be certified as made in good faith.

### BACKGROUND

The Plaintiff filed his complaint against CoreCivic as the sole defendant in this case on August 14, 2017 (Docket Entry 1). The complaint alleges that on June 13, 2017, CoreCivic had an outbreak of scabies due to the fact that they allowed females to come into the facility without being screened for scabies and also allowed female clothing to be washed with that of male inmates without the use of bleach. He alleged that he contracted scabies and was itching so bad that blood was drawn and there are now scars on his legs. He alleged that he was offered six pills, but that CoreCivic employees would not tell him what the pills were and that they wanted the inmates to sign a form saying they were not itching

or the inmates would go to segregation. He alleged that they were locked down for three days and not allowed to use the telephone or take a shower.

After the Plaintiff completed an application to proceed *in forma pauperis* he filed an amended complaint (Docket Entry 4) using a court-provided form. In Section II-E the Plaintiff checked yes on the box that he had presented the facts of his complaint to the prison authorities through the State grievance procedure.

In paragraph F-1 he alleged he did this through informal sick calls, and in paragraph 2 that the prison authorities "want answer informal."

He also alleged in paragraphs H, I and J that he presented his grievances to the detention facility authorities, again through informal sick calls, and that the response of the authorities who ran the detention facility "want answers informal and gave me 6 pills for scabies."

In his statement of facts, paragraph IV, he essentially repeated the complaint about contracting scabies because female prisoners were allowed to come straight from the street without being sanitized before they entered the facility where male inmates were housed.

On initial review, the Court found that CoreCivic is a privately held corporation under contract with the Metropolitan Government of Nashville and Davidson County to operate the Metro/Davidson County Detention Facility. The Court further held that

2

concerning the Plaintiff's claim that he had been infected with scabies there is a duty under the Eighth Amendment for the county to provide prisoners with adequate food, clothing, shelter, sanitation, recreation, and medical care, citing *Grubbs v. Bradley*, 552 F. Supp. 1052 (1119-24) (M.D. Tenn. 1982), and that the Plaintiff had therefore stated a colorable claim for relief under 28 U.S.C. § 1915A.

A scheduling order was entered in this case on November 7, 2017 (Docket Entry 13). In the scheduling order the Plaintiff was specifically advised that a response to the motion for summary judgment should respond to each ascertan of fact, including whether it was disputed or not disputed for the purpose of summary judgment, and that if the statement of fact was disputed it would be supported by a specific citation to the record.

The Plaintiff was specifically warned that if a dispositive motion was not responded to in a timely fashion it could result in the Court taking the facts alleged in the motion as true and granting the requested relief. The Plaintiff was told that he could not simply rely on the allegations of his complaint alone. Rather, the Plaintiff must show that there is a genuine dispute of fact by citation to the record, affidavit, deposition testimony, or otherwise.

The motion for summary judgment (Docket Entry 21) was filed on March 8, 2018. It was supported by a memorandum of law (Docket Entry 22), a declaration of Mr. Aylward (Docket Entry 23).

3

Mr. Aylward certified that he was an employee of CoreCivic and charged with handling the grievance procedures at the Metro/Davidson County Detention Facility. He set forth the grievance procedure at the institution and certified that the Plaintiff filed some informal grievances during his incarceration prior to August 9, 2017, which were attached to his affidavit. He stated that none of the informal grievances involved scabies. He specifically stated that their records did not show that the Plaintiff filed any grievances, formal or informal, or appeals, regarding scabies prior to August 9, 2017. The Plaintiff's original complaint, although filed on August 14, 2017, was dated by the Plaintiff as signed on August 9, 2017.

CoreCivic's motion (Docket Entry 21) also contained a declaration of Dr. James Bridges, M.D. (Docket Entry 24). His affidavit details the treatment the Plaintiff received while at the detention facility and noted that he did request medical treatment due to the fact that he reported that he had suffered from psoriasis for the previous three years and that he was evaluated for this condition on numerous occasions between June 15, 2015, and October 17, 2017.

The Defendant also filed the declaration of John Rychen (Docket Entry 25). He stated that he was the Assistant Warden at the detention facility during the times in question and provided various policies enforced at the detention facility. He stated that female inmates were examined upon incarceration and that the

4

detention facility separately washed the laundry of female inmates from the laundry of male inmates. He stated that sometime in approximately May or June 2017 some inmates incarcerated at the detention facility declined to take a preventative dose of Izermectin that was offered them and that when they did they were asked to sign a refusal of treatment form. He stated that inmates were not forced to sign paperwork regarding scabies or risk being placed in restrictive housing.

Finally, the Defendant provided a statement of undisputed material facts (Docket Entry 26) to which the Plaintiff has not responded. Since the Plaintiff has not responded to the statement of material facts and was specifically warned about the consequences of failing to do so the Magistrate Judge will deem the statements of fact admitted for the purpose of summary judgment. The Magistrate Judge has specifically reviewed the various affidavits in support of the motion for summary judgment, particularly concerning whether the Plaintiff filed any grievance or not. All the statements of material facts appear to have a factual basis in the record.

## LEGAL DISCUSSION

The Plaintiff alleged in both his complaint and his amended complaint that he had filed administrative grievances. However, the Plaintiff's statement about the nature of the agreement and the response was not clear. Nevertheless, the Plaintiff is not required to demonstrate in his complaint that he

5

has exhausted his administrative remedies. *Jones v. Bock*, 549 U.S. 199 (2007). Exhaustion is an affirmative defense, which the Defendant has specifically raised in the motion for summary judgment.

The Defendant, having raised the defense, the Plaintiff is under an obligation to establish that he did in fact file an administrative grievance about the scabies outbreak. *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006); *Napier v. Laurel County*, 636 F.3d 218, 225 (6th Cir. 2011).

In this case, the Plaintiff has come forward with no evidence that he filed an administrative grievance or that he followed through on any denial of such a grievance by the Defendant. The Plaintiff's statement in his complaint that he filed an administrative grievance hardly demonstrates that he actually complied with the applicable exhaustion requirements (*Napier*, 636 F.3d at 225). The Plaintiff failed to respond to the Defendant's statement of undisputed material facts Nos. 1 and 2.

While the Defendant makes a number of other arguments, which they contend would justify dismissal of the case it appears that the failure to exhaust administrative remedies is dispositive and the Court need not address the other grounds for dismissal.

Given the Plaintiff's total failure to respond to the motion for summary judgment or the statement of undisputed facts the Magistrate Judge can only conclude that the Defendant has properly established that the Plaintiff failed to exhaust his

administrative remedies and thus, under the case law cited above, this case is subject to dismissal on those grounds.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the Plaintiff's claims be dismissed for failure to exhaust administrative remedies and that any appeal from such a dismissal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 17th day of April, 2018.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge